**Mohammad Anwar HOSSAIN,
Petitioner,**

v.

**Alberto GONZALES, Attorney
General, Respondent.**

No. 06–1721–ag.

United States Court of Appeals,
Second Circuit.

March 12, 2007.

Parker Waggaman, Law Offices of Parker Waggaman, P.C., New York, NY, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Thomas T. Cullen, Assistant United States Attorney, Charlotte, NC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammad Anwar Hossain, native and citizen of Bangladesh, seeks review of a March 23, 2006 order of the BIA denying his motion to remand and affirming the October 18, 2004, decision of Immigration Judge ("IJ") Robert D. Weisel denying Hossain's applications for asy-

lum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad Anwar Hossain,* No. A79 114 100 (B.I.A. Mar. 23, 2006), *aff'g* No. A79 114 100 (Immig. Ct. N.Y. City Oct. 18, 2004). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The IJ and BIA denied Hossain's application for asylum as untimely, a determination which Hossain has not challenged before this Court. We therefore review only the denial of withholding of removal and CAT relief. To establish eligibility for withholding of removal, Hossain was required to show that his life or freedom would more likely than not be threatened in Bangladesh on account of political opinion or some other protected ground. *See Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006); 8 U.S.C. § 1231(b)(3)(A).

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Heui Soo Kim v. Gonzales,* 458 F.3d 40, 44 (2d Cir.2006).

The IJ focused on two inconsistencies to support his adverse credibility finding.

First, the IJ observed that Hossain's 2001 application for adjustment of status stated that he had never been arrested or charged with a crime; Hossain later testified that while in Bangladesh, he was arrested, tortured, and falsely accused of crimes. The wording of the question on the adjustment of status application quite plainly encompasses arrests both inside and outside of the United States; Hossain's explanation (that he misunderstood

the form) was not so compelling that no reasonable fact-finder would have rejected it. "[W]hen an IJ considers an asylum applicant's explanations for apparent inconsistencies or contradictions in the record, the IJ is 'not required to credit [them] even if they appear plausible on a cold record.'" *Diallo v. Gonzales,* 445 F.3d 624, 630 (2d Cir.2006) (quoting *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005)).

Hossain testified that he lived in hiding at a friend's house in Dhaka. The IJ found that this testimony was not credible because it was inconsistent as to the length of his period in hiding: he testified that he lived with his friend both for a single year (1999–2000) and for four years (1996–2000). This is a significant discrepancy because Hossain also testified that the political situation from 1996 until 1999 was safe enough that he returned to Dhaka from a hiding place elsewhere in Bangladesh. So if he lived with his friend as early as 1996, it would appear that he did not use his friend's home as a place of hiding.

■ Aside from Hossain's testimony that he went into hiding after being persecuted on two occasions in 1993, and that he was forced to hide from 1999 to 2000, there is little in the record to show that Hossain is more likely than not to be persecuted in Bangladesh. We therefore decline to disturb the IJ's denial of withholding of removal.

■ The IJ did not separately explain the denial of CAT relief. Because the analysis under the CAT focuses on the objective likelihood of torture, an adverse credibility finding will not necessarily justify the denial of CAT relief. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85

(2d Cir.2004). However, the evidence the IJ rejected on credibility grounds was the only evidence that arguably suggested that Hossain was likely to be tortured, and therefore the adverse credibility finding was a sufficient ground for denial of CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Hossain also challenges the BIA's failure to remand for consideration of new evidence, a challenge we review for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005). Before the BIA, Hossain presented affidavits from his wife and brother stating that police controlled by the ruling BNP party were still looking for Hossain in 2005; as the BIA pointed out, Hossain had previously sponsored an affidavit from his wife, and the IJ had already rejected Hossain's testimony about her warnings.[1] It was therefore not an abuse of discretion for the BIA to reject the similar affidavits as cumulative.

For the foregoing reasons, the petition for review is **DENIED.**

---

1. The IJ did not explicitly discuss affidavits from Hossain's wife and lawyer, both of which say that government officials were still actively looking for Hossain; but the IJ did reject as not credible Hossain's testimony to the same effect, and we have never held "that an IJ errs unless he specifically discusses, evaluates, and accepts or rejects each piece of documentary evidence submitted." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 344 (2d Cir.2006).